**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMINA WESTBERG,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FCA US LLC, a Delaware Limited Liability Company; and DOES 1 thorough 20, inclusive,<br><br>　　　　　　Defendants. | Case No.: 1:18-cv-01509-BAM<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT<br>(Doc. 15) |

Currently pending before the Court is Plaintiff Amina Westberg's motion for leave to file a first amended complaint pursuant to Federal Rule of Civil Procedure 15. (Doc. 15). Defendant FCA US, LLC ("Defendant") opposed the motion on May 17, 2019, and Plaintiff replied. (Docs. 16, 17). The Court found the matter appropriate for resolution without oral argument and vacated the hearing. See Local Rule 230(g). The matter is deemed submitted.

Having considered the record and briefs on file, Plaintiff's motion for leave to amend shall be GRANTED.

**BACKGROUND**

On September 19, 2018, Plaintiff filed this civil action in Stanislaus County Superior Court. Defendant removed the matter to this Court on October 26, 2018, based on diversity jurisdiction. (Doc. 1.) Plaintiff's operative complaint alleges breach of the express and implied warranties under California's Song-Beverly Consumer Warranty Act, California Civil Code section 1790 *et seq*.

In particular, Plaintiff asserts that on January 3, 2015, Defendant (referred to as "Manufacturer") and DOES 1 through 20 manufactured and/or distributed into the stream of

1

commerce a new 2015 Dodge Ram 1500 VIN 1C6RR6PM&FS623404 (the "Vehicle") for its sale/lease in the State of California. On June 16, 2016, Plaintiff purchased the Vehicle for a total consideration of $43,611.86. The Vehicle was a "new motor vehicle" under the Song-Beverly Warranty Act. (Doc. 1, Exhibit A, Complaint at ¶¶ 5-7.)

Along with the purchase of the Vehicle, Plaintiff received written warranties and other express and implied warranties including, but not limited to, warranties from the Manufacturer and seller that the Vehicle and its component would be free from all defects in material and workmanship; that the Vehicle would pass without objection in the trade under the contract description; that the Vehicle would be fit for the ordinary purpose for which it was intended; that the Vehicle would conform to the promises and affirmations of fact made; that Defendants would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure that the Vehicle was free from any defects in material and workmanship, that Defendants, and each of them, would maintain the utility of the Vehicle for three (3) years or 36,000 miles and would conform the Vehicle to the applicable express warranties. (Id. at ¶ 8.) Plaintiff reportedly has duly performed all the conditions on Plaintiff's part under the purchase agreement and under the express and implied warranties, except insofar as the acts and/or omissions of the Defendants as alleged prevented and/or excused such performance. (Id. at ¶ 9.)

Plaintiff further alleges that she has delivered the Vehicle to the Manufacturer's authorized service and repair facilities, agents and/or dealers, including the seller, on at least three (3) separate occasions resulting in the Vehicle being out of service by reason of repair nonconformities. (Id. at ¶ 10.) Plaintiff has submitted the Vehicle for defects and malfunctions, specifically for issues with Safety Recall T25 for Occupant Restraint Control Module, turbo failure, booster sensor unit failure, engine light, and throttle control light. Each time Plaintiff delivered the Vehicle to a Manufacturer-authorized service and repair facility, Plaintiff notified Defendants of the defects, malfunctions, misadjustments, and/or nonconformities with the Vehicle and demanded that the Manufacturer or its representatives repair, adjust, and /or replace any necessary parts to conform the Vehicle to the applicable warranties. Each time Plaintiff delivered the Vehicle, Defendants represented to Plaintiff that they could and would conform the Vehicle to the applicable warranties, that they did conform the

Vehicle to said warranties and that all defects, malfunctions, misadjustments, and/or nonconformities had been repaired. However, the Manufacturer or its representatives failed to conform the Vehicle to the applicable warranties because the defects, malfunctions, misadjustments, and/or nonconformities continue to exist even after a reasonable number of attempts to repair. (Id. at ¶¶ 11-13.)

On May 1, 2019, Plaintiff filed the instant motion for leave to amend, arguing that pursuant to the liberal amendment policy of Federal Rule of Civil Procedure 15, she should be allowed to amend her complaint to include claims of negligent repair against Central Valley Automotive, Inc. (Doc. 15.) Specifically, Plaintiff moves to add Central Valley Automotive, Inc. dba Central Valley Chrysler Dodge Jeep Ram,[1] a California Corporation with its registered office in Modesto, California, and alleges, in relevant part, the following:

> 38. Plaintiff[] delivered the Subject Vehicle to Defendant CENTRAL VALLEY AUTOMOTIVE, INC. dba CENTRAL VALLEY CHRYSLER DODGE JEEP RAM FIAT for repair on numerous occasions.
> 39. Defendant CENTRAL VALLEY AUTOMOTIVE, INC. dba CENTRAL VALLEY CHRYSLER DODGE JEEP RAM FIAT owed a duty to Plaintiff to use ordinary care and skill in storage, diagnosis and repair of the Subject Vehicle in accordance with industry standards.
> 40. Defendant CENTRAL VALLEY AUTOMOTIVE, INC. dba CENTRAL VALLEY CHRYSLER DODGE JEEP RAM FIAT breached its duty to plaintiff to use ordinary care and skill by failing to properly store, diagnose, and repair the Subject Vehicle in accordance with industry standards.
> 41. Defendant CENTRAL VALLEY AUTOMOTIVE, INC. dba CENTRAL VALLEY CHRYSLER DODGE JEEP RAM FIAT's negligent breach of its duties owed to Plaintiff was a proximate cause of plaintiff's damages.
> 42. Plaintiff sustained damages due to Defendant CENTRAL VALLEY AUTOMOTIVE, INC. dba CENTRAL VALLEY CHRYSLER DODGE JEEP RAM FIAT's failure to properly store, diagnose and repair the Subject Vehicle in accordance with industry standards.

(Doc. 15-1, Proposed First Amended Complaint for Damages ¶¶ 3, 37-42.)

Defendant opposed the motion on May 17, 2019, contending that expansion of the case is not warranted because Plaintiff delayed in seeking to amend, the proposed amendment greatly expands the scope of litigation, and Plaintiff may be improperly seeking to destroy diversity of citizenship.

---

[1] In the proposed amended complaint, refers to Central Valley Automotive, Inc. as "dba Central Valley Chrysler Dodge Jeep Ram" and as "dba Central Valley Chrysler Dodge Jeep Ram Fiat." Plaintiff shall ensure that she is using the correct "dba" in any amended complaint filed with the Court.

3

Specifically, Defendant contends that Plaintiff has known since September 2018 that she could have added Central Valley Automotive, Inc. as a defendant. Defendant also contends that Plaintiff's amended complaint should include factual allegations sufficient to allow it to prepare disclosures and defenses, and that the proposed amended complaint fundamentally alters the nature of the litigation, seeking to strip the Court of its diversity jurisdiction and expanding the case beyond a simple "Lemon Law" action. (Doc. 16 at 2-4.)

**LEGAL STANDARD**

The Court issued a Scheduling Order on February 12, 2019, which set the deadline for all stipulated amendments or motions to amend the pleadings as May 1, 2019. (Doc. 14 at 2.) Plaintiff filed the instant motion to amend on May 1, 2019. (Doc. 15.) Plaintiff's motion to amend filed on is timely and is not subject to the standard of Rule 16 of the Federal Rules of Civil Procedure for modification of the scheduling order. The motion is therefore considered under the Rule 15 standard for amendment to the pleadings.

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." Chudacoff v. Univ. Med. Center of S. Nev., 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

To evaluate a motion to amend under Rule 15, the Court considers the following factors: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in

determining whether to grant leave to amend. <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). The burden to demonstrate prejudice falls upon the party opposing the amendment. <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. <u>Eminence Capital</u>, 316 F.3d at 1052.

**DISCUSSION**

<u>Undue Delay</u>

In evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." <u>Jackson,</u> 902 F.2d at 1388. In addition, the Court examines whether "permitting an amendment would ... produce an undue delay in the litigation." <u>Id.</u> at 1387.

Defendant contends that Plaintiff has no good reason for having waited until now to seek to amend her complaint, because she could have brought Central Valley Automotive, Inc. in at the beginning of the case in September 2018 "given that Plaintiff was fully aware that Central Valley performed repairs, and did not need depositions to figure this out." (Doc. 16 at 2.)

Plaintiff contends that she has not unduly delayed in seeking to amend. Rather, she asserts that she acted promptly after the depositions of Central Valley Automotive, Inc. employees on March 20, 2019, during which she learned that she had additional claims against Central Valley Automotive, Inc. for negligent repair. Upon discovery of these claims, Plaintiff met and conferred with Defendant regarding proposed amendment of the complaint, but Defendant would not stipulate. Plaintiff then prepared and submitted the instant motion. (Doc. 15-1, Declaration of David N. Barry at ¶ 10.)

Having considered the parties' positions, the Court finds that Plaintiff has not unduly delayed in seeking leave to amend. Although Plaintiff initiated this action in State Court in September 2018, the action was removed to Federal Court in October 2018, and a scheduling order did not issue in this action until February 2019. (<u>See</u> Docs. 1, 4, 14.) Additionally, Plaintiff filed the motion shortly after

counsel reportedly learned of the additional claim for negligent repair and before expiration of the relevant amendment deadline. The action is in the early stages of discovery, with the deadline for completion of non-expert discovery in January 2020 and expert discovery in March 2020.

Even if the Court were to find the delay substantial, this factor alone is not a sufficient ground for denial of leave to amend. E.g., Webb, 655 F.2d at 980 (noting that "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend"). Indeed, the Ninth Circuit has been clear that "delay, by itself, is insufficient to justify denial of leave to amend." DCD Programs, 833 F.2d at 186.

Bad Faith

Plaintiff seeks to add Central Valley Automotive, Inc. as a defendant based purportedly on new information obtained during discovery. Central Valley Automotive, Inc., as noted above, is a California corporation with its registered office in Modesto, California. Adding Central Valley Automotive, Inc. as a defendant would, therefore, destroy diversity jurisdiction and deprive the Court of subject matter jurisdiction.

Although not entirely clear, Defendant appears to suggest that moving to amend to add a diversity-destroying defendant is evidence of bad faith. The district court has discretion in determining whether to allow an attempt to join a diversity-destroying defendant. Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

In the present circumstances, the Court does not find that Plaintiff seeks to add Central Valley Automotive, Inc. as a defendant in bad faith for the purpose of destroying diversity jurisdiction. Plaintiff's counsel asserts that information about the potential claim for negligent repair was not discovered until the deposition of Central Valley Automotive, Inc.'s employees in March 2019.

Defendant does not suggest that Central Valley Automotive, Inc. cannot properly be joined as a party to this action under Federal Rule of Civil Procedure 20. Rule 20 permits the joinder of parties and permits joinder of a defendant if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). There is no dispute that the proposed cause of action against Central Valley Automotive, Inc. arises from the same transactions as the claims against Defendant, all of which stem from the sale of the Vehicle, the technical complaints that Plaintiff experienced, and the multiple repair attempts by Central Valley Automotive, Inc. on behalf of Defendant. There also is no dispute that the claims arise from common questions of fact.

<u>Prejudice</u>

Courts have found prejudice to the opposing party where the motion to amend the complaint is filed near the close of discovery or when there is a pending motion for summary judgment, and the proposed amendments would require additional discovery. <u>See</u>, e.g., <u>Lockheed Martin Corp. v. Network Solutions, Inc.</u>, 194 F.3d 980, 986 (9th Cir. 1999) (stating that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint"); <u>Solomon v. North Am. Life & Cas. Ins. Co.</u>, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming the denial of leave to amend where the motion was made "on the eve of the discovery deadline" and "[a]llowing the motion would have required re-opening discovery, thus delaying the proceedings"); <u>Sclacter-Jones v. Gen. Tel. of Cal.</u>, 936 F.2d 435, 443 (9th Cir. 1991), abrogated by <u>Cramer v. Consol Freightways, Inc.</u>, 255 F.3d 683 (9th Cir. 2001) ("The timing of the motion, after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weighs heavily against allowing leave."). Courts also have found prejudice where the proposed amendments would result in high additional litigation costs. <u>AmerisourceBergen Corp. v. Dialysist West, Inc.</u>, 465 F.3d 946, 953 (9th Cir. 2006).

None of the above circumstances is present here. As previously noted, Plaintiff moved to amend the complaint prior to the expiration of the deadline for amendments to the pleadings, and months before expiration of the non-expert and expert discovery deadlines. There is no motion for summary judgment pending, and the matter is not set for trial until August 11, 2020. Additionally, Plaintiff does not seek to extend any court-ordered deadlines on the basis of the proposed amendment.

Although Defendant suggests that amendment will require further discovery, the Court does not find the necessary prejudice to support denial of the motion to amend. "[T]he mere need for additional discovery, by itself, does not constitute sufficient prejudice under Rule 15 to withhold leave to amend." See, e.g., Synchronoss Techs., Inc. v. Dropbox Inc., No. 16-cv-00119-HSG, 2019 WL 95927, at *3 (N.D. Cal. Jan. 3, 2019). Moreover, at this stage in the litigation, the deadline for completion of discovery has not expired, and there is no indication that discovery deadlines will require modification. Plaintiff represents that only limited written discovery has been conducted to date and that depositions of Central Valley Automotive, Inc. employees have taken place. (Doc. 15 at 9.)

Futility of Amendment

"Futility alone can justify the denial of a motion for leave to amend." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). Here, Defendant does not challenge the proposed amendment as futile. This factor therefore weighs in favor of amendment.

**CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a First Amended Complaint (Doc. 15) is GRANTED;

2. Within seven (7) days of the date of this Order, Plaintiff shall file her First Amended Complaint;

3. Defendants shall file an answer or other responsive pleading to the First Amended Complaint in compliance with the time frames of the Federal Rules of Civil Procedure and any relevant Local Rules following service of the First Amended Complaint.

IT IS SO ORDERED.

Dated: **June 20, 2019**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE