UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMINA WESTBERG,<br><br>        Plaintiff,<br><br>    v.<br><br>FCA US LLC, et al.,<br><br>        Defendants. | Case No. 1:18-cv-01509-BAM<br><br>ORDER VACATING HEARING SET FOR AUGUST 9, 2019<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AWARD OF COSTS AND EXPENSES RESULTING FROM REMOVAL<br><br>(Doc. No. 21) |

Currently pending before the Court is Plaintiff Amina Westberg's motion for remand of this action to the Superior Court of California, County of Stanislaus, and for an award of costs and expenses resulting from removal. (Doc. 21). Defendant FCA US, LLC ("FCA") opposed the motion on July 23, 2019, and Plaintiff replied. (Docs. 23, 26). The Court finds the matter appropriate for resolution without oral argument and the hearing currently set for August 9, 2019, is HEREBY VACATED. *See* Local Rule 230(g). The matter is deemed submitted.

Having considered the record and briefs on file, Plaintiff's motion for remand of this action to the Superior Court of California, County of Stanislaus, shall be granted and Plaintiff's request for an award of costs and expenses resulting from removal shall be denied.

///

**PROCEDURAL HISTORY**

On September 19, 2018, Plaintiff filed this civil action in Stanislaus County Superior Court alleging claims against FCA for violation of the Song-Beverly Consumer Warranty Act.

On October 26, 2018, FCA removed the matter to this Court on October 26, 2018, alleging this Court has subject matter jurisdiction over this action based on diversity of citizenship. Plaintiff is assertedly a citizen of California and FCA is a citizen of Michigan. (Doc. 1 at 4.)

On May 1, 2019, Plaintiff moved for leave to amend pursuant to Federal Rule of Civil Procedure 15 to add Central Valley Automotive, Inc. dba Central Valley Chrysler Dodge Jeep Ram Fiat ("CVA") as a defendant and assert claims of negligent repair against it. (Doc. 15.)

On June 20, 2019, the Court granted Plaintiff's motion for leave to amend her complaint to include claims of negligent repair against CVA. (Doc. 19.)

On June 26, 2019, Plaintiff filed her first amended complaint ("FAC"), which added her claims of negligent repair against CVA. (Doc. 20.) FCA answered the amended complaint on July 10, 2019. (Doc. 22.)

On July 9, 2019, Plaintiff filed the instant motion seeking remand of this action to Stanislaus County Superior Court based on a lack of federal subject matter jurisdiction due to the addition of defendant CVA. Plaintiff also seeks an award of $2,000 to cover attorney's fees and costs incurred as a result of removal, and for failure to stipulate to remand. (Doc. 21.)

On July 23, 2019, FCA filed an opposition to the motion to remand. In its opposition, FCA does not contest remand of the action to Stanislaus County Superior Court. Instead, FCA only opposes Plaintiff's request for $2,000 in sanctions. (Doc. 23.)

On July 29, 2019, Plaintiff replied, noting that FCA does not oppose remand, but asserting that sanctions are warranted because if FCA did not oppose remand, then it should not have forced Plaintiff to file the instant motion for remand. (Doc. 26.)

**DISCUSSION**

**A.  Remand**

In her FAC, Plaintiff added CVA as a named defendant. CVA is a Delaware corporation

with its principal place of business in Modesto, California. (Doc. No. 21-1, Exhibit 1.) A corporation is a citizen of the state in which it is incorporated, and of the state in which its principal place of business is located. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). In this action, the parties do not dispute that Plaintiff and CVA are citizens of the same state and that adding CVA as a defendant destroyed diversity jurisdiction under 28 U.S.C. § 1332. *See Owens Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.") (emphasis in original).

Diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds ... $75,000 ... and is between ... [c]itizens of different States." 28 U.S.C. § 1332(a)(1). If the district court has not entered final judgment, and it appears that the court does not have subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Yniques v. Cabral*, 985 F.2d 1031, 1036 (9th Cir. 1993), disapproved of on other grounds by *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.4 (9th Cir. 1999) (holding that, once a district court has permitted joinder of a non-diverse party, its only option under 28 U.S.C. § 1447(e) was remand to state court).

At the time the Court granted Plaintiff's motion to amend, it did not consider the propriety of Plaintiff's request to add CVA as a non-diverse defendant under 28 U.S.C. § 1447(e) because the parties did not raise the issue, nor did they address the propriety of remand. In light of the instant request for remand, the Court addresses whether joinder of CVA, a non-diverse party, was appropriate under 28 U.S.C. § 1447(e).[1]

Section 1447(e) is "couched in permissive terms" and "clearly gives" district courts

---

[1] The parties also have not addressed this issue in their briefing on the motion to remand.

3

discretion in deciding whether to permit or deny joinder of a non-diverse defendant. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir.1998). In deciding whether to deny or permit joinder under 1447(e), courts generally consider the following six factors: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *Blowers v. Ford Motor Co.*, No. CV 17-8224-JFW (KSX), 2018 WL 654415, at *4 (C.D. Cal. Jan. 31, 2018); *Lara v. Bandit Indus., Inc.*, No. 2:12-CV-02459-MCE-AC, 2013 WL 1155523, at *2 (E.D. Cal. Mar. 19, 2013).

### 1. Need for Joinder Under Fed. R. Civ. P. 19(a)

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco v. Roberts*, 41 F.Supp.2d 1080, 1082 (C.D. Cal. 1999); Fed. R. Civ. P. 19(a). However, "amendment under § 1447(e) is a less restrictive standard than for joinder under Rule 19." *Sabag v. FCA US, LLC*, 2016 WL 6581154, at *4 (C.D. Cal. Nov. 7, 2016). "The standard is met when failure to join will lead to separate and redundant actions, but is not met when defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id.* (citations and quotations omitted).

Plaintiff's claim for relief against CVA arises out of the same transactions as her claims against FCA, and involve the same vehicle, the same alleged defects in the vehicle, and the same unsuccessful attempts to repair the vehicle. CVA allegedly was a direct participant in the events underlying Plaintiff's claims against FCA and failing to allow CVA's joinder likely would lead to separate and redundant actions. This factor therefore weighs in favor of joinder.

### 2. Statute of Limitations

Plaintiff's state law negligent repair claim is subject to a two-year statute of limitations for

the "wrongful act or neglect of another." *See* Cal. Code Civ. Proc. § 335.1. Plaintiff's amended complaint does not allege a date or dates of any attempted repairs by CVA, only that Plaintiff purchased the subject vehicle in June 2016. (Doc. 20 at ¶ 7.) It is unclear whether the statute of limitations has run, and Plaintiff would be precluded from filing a new state court action against CVA at this juncture. This factor therefore does not weigh in favor or against joinder.

### 3. Timeliness

When determining whether to allow amendment to add a non-diverse party, "courts consider whether the amendment was attempted in a timely fashion." *Clinco*, 41 F. Supp. 2d at 1083. As this Court previously determined, Plaintiff did not unduly delay in seeking leave to amend. (Doc. 19, Order at 5-6.) This factor therefore weighs in favor of joinder.

### 4. Motive

"The motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Clinco*, 41 F.Supp.2d at 1083 (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980))). "[A] trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to state court." *Id.* (internal citation and quotation marks omitted). As this Court previously determined, Plaintiff did not act in bad faith or seek to add CVA as a defendant solely to defeat diversity jurisdiction. (Doc. 19, Order at 6.) Rather, Plaintiff discovered information regarding CVA's allegedly negligent repair when she deposed its employees in March 2019. (*Id.*) Plaintiff did not simply add CVA to her complaint, but also added claims against it. This factor weighs in favor of permitting joinder.

### 5. Validity of Claim

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under [Section] 1447(e*)." Forward–Rossi v. Jaguar Land Rover North America, LLC*, 2016 WL 3396925, at \*4 (C.D. Cal. Jun. 13, 2016) (internal citation and quotation marks omitted). FCA has not challenged the validity of the negligent repair claim against Defendant CVA, and there has been no determination that the negligent repair claim is

futile. This factor therefore weighs in favor of permitting joinder.

**6.      Prejudice to Plaintiff**

"Prejudice exists if the proposed defendant is 'crucial' to the case. Prejudice does not exist if complete relief can be afforded without that defendant." *Sabag*, 2016 WL 6581154, at *6, citing *McCarty v. Johnson & Johnson*, No. 1:10-cv-00350-OWW-DLB, 2010 WL 2629913, *9 (E.D. Cal. 2010) (citation omitted).

As indicated, the claims against FCA and CVA arise out of the same transactions and occurrences, involve the same vehicle, the same alleged defects and the same unsuccessful attempts to repair the vehicle. If the Court were to deny Plaintiff's motion to remand, she would have to proceed with separate litigation against CVA in state court and incur significant expense in litigating the same facts in two separate forums. This factor therefore weighs in favor of permitting joinder.

Based on the above, the Court concludes that joinder of CVA was appropriate under section 1447(e), and this action should be remanded to Stanislaus County Superior Court.

**B.      Sanctions**

Plaintiff originally sought payment of attorney's fees and costs based on FCA's improper removal of this action to federal court. According to the reply, however, Plaintiff no longer asserts that sanctions are warranted because removal was improper. Rather, Plaintiff seeks sanctions because FCA reportedly would not stipulate to remand this action following amendment of the complaint, forcing Plaintiff to file the instant motion. (Doc. 26 at 2, 4.) Plaintiff asserts that Defendant FCA acted in bad faith, by refusing to communicate or meet and confer following the Court's order granting leave to amend and by subsequently filing two motions to compel. Plaintiff therefore believes payment is warranted under 28 U.S.C. § 1447(c). (Id. at 3-4.)

FCA contends that sanctions are not warranted simply because its counsel did not respond to two emails in which Plaintiff's counsel was trying to force FCA to stipulate that the case could be remanded. (Doc. 23 at 7.) FCA further contends that nothing in 28 U.S.C. § 1447 makes the granting of a motion for remand mandatory.

6

Pursuant to 28 U.S.C. § 1447(c), [a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018), citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court may award costs for improper removal even absent a finding of bad faith. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 446 (9th Cir. 1992).

In this instance, Plaintiff has abandoned any argument that FCA's removal of this action was improper or that FCA lacked an objectively reasonable basis for removal. Absent any such argument, there is no basis to order payment of costs and actual expenses incurred as a result of removal under 28 U.S.C. § 1447(c). Plaintiff does not cite any authority authorizing the award of costs and expenses where the opposing party refuses to stipulate to remand after the joinder of a diversity-destroying defendant. (*See generally* Doc. 26.) This is not surprising given that remand is required in such situations under section 1447(e). Accordingly, the Court will deny the request for attorney's fees and costs.

**CONCLUSION AND ORDER**

For the reasons stated, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to remand (Doc. 21) is GRANTED;
2. This action is REMANDED to Stanislaus County Superior Court;
3. Plaintiff's request for the payment of attorney's fees and costs is DENIED; and
4. All other pending motions are DENIED as moot.

IT IS SO ORDERED.

Dated: **August 1, 2019**        /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE